01

02

03

04

05

06

07

08

09

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES DEAN WILKS, | ) | Case No. C06-871-JLR-JPD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JOHN LEIMBACH, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

15        I.    INTRODUCTION AND SUMMARY CONCLUSION

16        Plaintiff James Dean Wilks, a former inmate at the King County Correctional Facility,

17   proceeds *pro se* and *in forma pauperis* in this amended 42 U.S.C. § 1983 civil rights action

18   against King County Corrections Officers John Leimbach and Leander Glenn.  Dkt. No. 8; *see*

19   *also* Dkt. No. 22 (dismissing certain defendants).   Plaintiff's amended complaint makes

20   excessive force arguments under the Eighth Amendment, unlawful search and seizure

21   arguments under the Fourth Amendment, and also advances a retaliation claim under the First

22   Amendment.  *See* Dkt. No. 8.  The present matter comes before the Court on defendant

23   Leimbach's Motion for Partial Summary Judgment.  Dkt. No. 26.  Because plaintiff has failed

24   to respond to this motion, it is treated as uncontested motion pursuant to Local Rule CR

25   7(b)(2).  After careful consideration of the motion, governing law, and the balance of the

26   record, the Court recommends that defendant's the motion be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

01

## II.  DISCUSSION

02     A.     Federal Rule of Civil Procedure 56

03          "Claims lacking merit may be dealt with through summary judgment" under Rule 56 of

04     the Federal Rules of Civil Procedure.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

05     Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to

06     interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

07     genuine issue as to any material fact and that the moving party is entitled to a judgment as a

08     matter of law."  Fed. R. Civ. P. 56(c).

09          Here, the defendants filed a detailed motion outlining the arguments of non-exhaustion

10     of state law post-deprivation remedies sufficient to defeat plaintiff's Fourth Amendment attack

11     against defendant Leimbach, as well as the absence of a causal connection and the presence of

12     a legitimate correctional purpose sufficient to defeat plaintiff's First Amendment claim against

13     defendant Leimbach.  *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984) (requiring

14     exhaustion of state post-deprivation remedies before pursuing § 1983 suit); *Rhodes v.*

15     *Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (outlining necessary elements of a viable First

16     Amendment retaliation claim).  The defendants' brief was supported by the declarations of

17     John Leimbach (Dkt. No. 28), Roberta Johnson (Dkt. No. 29), and David Eldred (Dkt. No.

18     27).  The defendants do not seek summary judgment with regard to plaintiff's excessive force

19     claims, but rather, limit their motion to plaintiff's claim that defendant Leimbach violated

20     plaintiff's First and Fourteenth Amendment rights by removing plaintiff's aviation calendar

21     from his cell on or about June 6, 2006.  Dkt. No. 26 at 2.

22          The defendants' summary judgment papers satisfy the burden of Rule 56(c) by

23     establishing that the nonmovant lacks the essential elements needed to support his case, much

24     less satisfy his burden of persuasion at trial.  This failure of proof "renders all other facts

25     immaterial," creating no genuine issue of fact and thereby entitling the defendants to summary

26     judgment on the issues raised.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

REPORT AND RECOMMENDATION
PAGE – 2

01  Furthermore, plaintiff has failed to respond to the defendants' motion for partial summary

02  judgment.  Under Local Rule CR 7(b)(2) "[i]f a party fails to file papers in opposition to a

03  motion, such failure may be considered by the court as an admission that the motion has

04  merit."  By neglecting to respond to the arguments made in defendants' motion, plaintiff has

05  failed to meet his burden of moving beyond the pleadings to, in the words of the rule, "set forth

06  specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  As a

07  result, defendants' motion for partial summary judgment should be granted with respect to the

08  specific issues identified by the defendants' motion.

09         B.    <u>Pretrial Scheduling Order Is Stricken</u>

10         Because defendants' partial motion for summary judgment should be granted, it is

11  appropriate that the pretrial scheduling order in this case (Dkt. No. 25) be stricken, and the

12  parties shall instead provide the Court with a joint pretrial statement or a status report **no later**

13  **than December 21, 2007**.

14         II.  CONCLUSION

15         For the foregoing reasons, the Court recommends that defendants' Motion for Partial

16  Summary Judgment (Dkt. No. 26) be GRANTED.  Consequently, the pretrial scheduling order

17  in this case (Dkt. No. 25) is STRICKEN, and the parties shall provide the Court with a joint

18  pretrial statement or a status report **no later than December 21, 2007**.  A proposed order

19  accompanies this Report and Recommendation.

20         DATED this 28th day of November, 2007.

21

22                     _James P. Donohue_

23                     JAMES P. DONOHUE

                       United States Magistrate Judge

24

25

26

REPORT AND RECOMMENDATION
PAGE – 3